

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:98-CR-7** |
| | § | |
| **CRAIG BROUGHTON** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e).  The United States

alleges that Defendant, Craig Broughton, violated conditions of supervised release imposed by

United States District Judge Thad Heartfield.  The United States Probation Office filed its *Petition*

*for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's

supervised release  The Court conducted a hearing on August 24, 2010, in accordance with Federal

Rules of Criminal Procedure 11, 32 and 32.1.  Defendant was present and represented by counsel

at the hearing.  Having heard the evidence, this court factually finds that Defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.       That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.       That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On August 20, 1998, The Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, sentenced defendant after he pled guilty to the offense of possession with the intent to distribute a Schedule II controlled substance - cocaine base, a Class A felony.  Judge Heartfield sentenced Mr. Broughton to 151 months imprisonment, to be followed by an eight year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment.  On March 4, 2008, the Court reduced the offense level from 30 to 28.  The 151 month term of imprisonment was accordingly reduced to 115 months and on March 7, 2008, Craig Broughton completed his period of imprisonment and began service of the supervision term.

**B.  Allegations in Petition**

The United States alleges that Defendant violated the following special condition of supervised release:

*The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.*

Specifically, Mr. Broughton has failed to attend substance abuse counseling for the months of April 2010, May 2010, June 2010, and as of the date of the petition, no attendance has been recorded for July 2010.  On many occasions, Mr. Broughton has been reminded to make contact with his substance abuse counselor, and resume counseling so that he can successfully complete treatment.  However, he has failed to do such.

**C.  Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*.  The Government proffered testimony from United States Probation Officer Beverly Matt.  She would testify that Mr. Broughton was directed to attend substance abuse counseling and treatment at Simon Counseling as a condition of his supervision.  The records from Simon Counseling and testimony would be submitted to show that Broughton failed to attend his counseling sessions in April, May, June, and July of 2010 as required.  The evidence would further reflect that Mr. Broughton missed these sessions despite several reminders from his probation officer that he needed to attend.  Finally, the record would reflect that Simon Counseling unsuccessfully discharged Broughton on August 3, 2010.

Defendant, Craig Broughton, offered a plea of true to the allegations.  Specifically, Mr.

Broughton agreed with the evidence presented and pled true to the allegation that he failed to attend substance abuse treatment as directed, in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a special condition of his supervised release by failing to attend substance abuse treatment and counseling in violation of his supervision conditions.

If the Court finds that Mr. Broughton violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon Mr. Broughton's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from to five (5) to eleven (11) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five (5) years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade C violation of his supervision conditions by failing to attend substance abuse counseling and treatment as directed. Mr. Broughton knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violations.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **seven (7) months imprisonment**. The Court also recommends that he receive credit for time already spent in federal custody on this matter. The Court finally recommends that Mr. Broughton receive no further supervision term upon his release.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 24th day of August, 2010.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE